ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

DEC 1 4 2010

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| HA T. T. NGUYEN, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:10-CV-919-Y |
| | § | |
| JOE KEFFER, Warden, | § | |
| FMC-Carswell, | § | |
| Respondent. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATIONS
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendations of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

**A.  Nature of the Case**

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

**B.  Parties**

Petitioner Ha T. T. Nguyen, Prisoner ID #18113-047, is a federal prisoner currently confined in the Carswell Federal Medical Center in Fort Worth, Texas (FMC-Carswell).

Respondent Joe Keffer is Warden of FMC-Carswell. No service has issued upon Respondent.

## C. Procedural History

Petitioner is confined pursuant to a 2003 conviction for conspiracy to deliver crack cocaine in cause number 4:03-CR-3014-RGK in the United States District Court, District of Nebraska, Lincoln Division.

## D. Discussion

By way of this petition, petitioner requests the court order FMC-Carswell to provide "the right treatment" for her "life threatening" medical condition. According to petitioner, prison personnel have "treated [her] with a SEVERE MEDICAL INDIFFERENCE by ignoring the seriousness" of her condition. (Pet. at 3) (emphasis in original)

Rule 4 of the Rules Governing Section 2254 Cases in federal district courts authorizes a habeas corpus petition to be summarily dismissed when it appears that the petitioner is not entitled to relief.[1] Moreover, the Fifth Circuit has recognized a district court's authority under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999).

---

[1]Section 2243, governing applications for writ of habeas corpus, provides:

A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person is not entitled thereto.*

28 U.S.C. § 2243(emphasis added).

Rule 4 of the Rules Governing Section 2254 Cases provides:

> The original petition shall be promptly presented to a judge of the district court in accordance with the procedure of the court for the assignment of its business. The petition shall be examined promptly by the judge to whom it is assigned. *If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.*

RULES GOVERNING SECTION 2254 CASES, RULE 4 (emphasis added).

Because petitioner's claim does not concern the fact or duration of her confinement, and instead concerns an alleged lack of proper medical treatment, which is related to the conditions of her confinement, it is not cognizable in a § 2254 petition. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (a petition for a writ of habeas corpus permits a petitioner to seek immediate or earlier release from custody, whereas a complaint pursuant to 42 U.S.C. § 1983 provides the proper avenue to challenge unconstitutional conditions of confinement and prison procedures); *Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir. 1987) (holding that the core issue in determining whether a prisoner must pursue habeas corpus relief rather than a civil rights action is to determine whether the prisoner challenges the fact or duration of his confinement or merely the rules, customs, and procedures affecting conditions of confinement). Petitioner's claim is more properly brought pursuant to a civil rights action under 42 U.S.C. § 1983. *See Spencer v. Bragg*, 310 Fed. Appx. 678, 2009 WL 405864, at *1 (5th Cir. Feb. 18, 2009).

## II. RECOMMENDATION

It is therefore recommended that this petition be dismissed without prejudice for lack of jurisdiction so that petitioner may pursue a civil rights suit pursuant to 42 U.S.C. §1983, if she so desires.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written

objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until January 4, 2011. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until January 4, 2011, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED December 14, 2010.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE